**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **RUSSELL JOHNSON,** | |
| **Petitioner,** | |
| **v.** | **Civil Action No. 14-2086 (JEB)** |
| **UNITED STATES PAROLE COMMISSION,** | |
| **Respondent.** | |

<u>**MEMORANDUM OPINION**</u>

*Pro se* Petitioner Russell Johnson is currently serving a sentence for burglaries imposed by the District of Columbia Superior Court.  Unfortunately for Johnson, he committed these offenses while on supervised release for the same crime.  He now brings this action seeking a writ of mandamus to require the United States Parole Commission to promptly hold a revocation hearing concerning his initial term of supervised release.  Because the Commission may instead wait until he finishes serving his sentence, the Court will deny the request and dismiss the case.

**I.      Background**

Johnson was initially sentenced by the Superior Court on November 17, 2004, to a three-year term of imprisonment for second-degree burglary.  <u>See</u> Opp., Exh. 5 (Judgment and Commitment Order) at ECF p. 22.  He was released in May 2007 to begin a 36-month term of supervised release, <u>see id.</u>, Exh. 2 (Certificate of Supervised Release) at 1, but was rearrested on February 5, 2008, for a new crime.  <u>See id.</u>, Exh. 6 (CSOSA Report) at 2.  Eight days later, consequently, the Parole Commission issued a warrant, <u>see id.</u>, Exh. 8 at 1, which was then lodged as a detainer.  <u>See id.</u>, Exh. 9.  On October 17, 2008, Johnson was sentenced in new

cases to consecutive terms of 64 months and 48 months (for a total of 112 months) on one count

of second-degree burglary and three counts of attempted burglary.  See id., Exhs. 11-12

(Judgment and Commitment Orders).

The Commission received a letter from Petitioner on January 9, 2014, which it treated as

requesting a review of its detainer.  See id., Exh. 14.  It responded by issuing a Notice of Action

that ordered that the detainer stand.  See id., Exh. 15.  As a result, when Petitioner finishes

serving his sentence in 2016, he will come before the USPC for a decision on whether or not it

will revoke the supervised release in his initial case.

## II.      Analysis

Johnson's Petition asks this Court to issue a writ of mandamus to force the Commission

to act.  More specifically, he demands that the USPC make a decision now − instead of waiting

for his sentence to expire − on whether it will revoke his initial supervised release and impose

additional prison time.  As Johnson does not explain what he stands to gain by such action, the

Court presumes it is simply some earlier certainty about how long he will remain incarcerated.

As an alternative ground for relief, he claims that the supervised release in his initial case has

now expired, thus robbing the Commission of authority to revoke it.

"Mandamus is an extraordinary remedy 'reserved for really extraordinary cases,'" In re

Bituminous Coal Operators' Ass'n, Inc., 949 F.2d 1165, 1167 (D.C. Cir. 1991) (quoting Ex parte

Fahey, 332 U.S. 258, 260 (1947)), and it "is hardly ever granted."  In re Cheney, 406 F.3d 723,

729 (D.C. Cir. 2005) (en banc).  "Mandamus is available only if: (1) the plaintiff has a clear right

to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy

available to plaintiff."  Power v. Barnhart, 292 F.3d 781, 784 (D.C. Cir. 2002) (internal quotation

marks and citation omitted).  "[A] writ of mandamus will issue 'only where the duty to be

performed is ministerial and the obligation to act peremptory, and clearly defined.  The law must not only authorize the demanded action, but require it; the duty must be clear and undisputable.'" 13th Reg'l Corp. v. U.S. Dep't of Interior, 654 F.2d 758, 760 (D.C. Cir. 1980) (quoting United States ex rel. McLennan v. Wilbur, 283 U.S. 414, 420 (1931)); Lozada Colon v. U.S. Dep't of State, 170 F.3d 191 (D.C. Cir. 1999).

Here, Johnson has no clear right to relief because the Commission is under no duty to hold a revocation hearing prior to the expiration of his sentence.  The Supreme Court addressed this issue in Moody v. Daggett, 429 U.S. 78 (1976), in which a petitioner wished to have his revocation hearing soon after his conviction on a new charge so that he could seek concurrent sentencing.  The Court upheld the Parole Commission's decision to wait until his later sentence had been fully served, concluding, "The Commission . . . has no constitutional duty to provide petitioner an adversary parole hearing until he is taken into custody as a parole violator by execution of the warrant."  Id. at 89.  Such execution will not occur until the completion of Johnson's sentence next year.  See 28 CFR § 2.218 (revocation decisions made after releasee "retaken by the Commission").

Petitioner's argument regarding the expiration of supervised release is equally infirm. Federal regulations make clear that where an individual violates his conditions of supervised release, the Commission may issue a warrant for his apprehension, so long as it is issued within the period of the supervised release.  See id., § 2.211(d) ("warrant may be issued only within the maximum term or terms of the period of supervised release").  The issuance of such warrant, furthermore, "operates to bar the expiration of the parolee's sentence.  Such warrant maintains the Commission's jurisdiction to retake the parolee either before or after the normal expiration date of the sentence . . . ."  Id., § 2.98(e).  As the warrant in this case was issued in February

2008 − before the expiration of Johnson's initial term of supervised release − the Commission has the authority to conduct a revocation hearing when he is delivered into its custody at the completion of his subsequent sentence. That such hearing will occur after the date on which supervised release in his first case would have expired is no bar.

**III.    Conclusion**

For the foregoing reasons, the Court will deny the Petition for a writ of mandamus. A separate Order consistent with this Opinion will be issued this day.

/s/ James E. Boasberg
JAMES E. BOASBERG
United States District Judge

Date:  May 5, 2015